APPEAL NO. 25-4489

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

vs.

JUSTIN TYLER BEASLEY,

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA, ANDERSON DIVISION
THE HONORABLE JACQUELYN D. AUSTIN, PRESIDING

## JOINT APPENDIX VOLUME I OF II

Kimberly H. Albro, Esquire
Assistant Federal Public Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
1901 Assembly Street, Suite 200
Columbia, South Carolina 29201
Telephone: (803) 765-5088
**Counsel for Appellant**

William J. Watkins, Jr., Esquire
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
Telephone: (864) 282-2100
**Counsel for Appellee**

# JOINT APPENDIX

# TABLE OF CONTENTS

## VOLUME I

DOCKET SHEET ................................................................................... 1

PETITION FOR WARRANT OR SUMMONS FOR OFFENDER
    UNDER SUPERVISION, FILED JULY 2, 2025 .......................... 11

DEFENDANT'S SENTENCING MEMORANDUM, FILED AUGUST
    19, 2025 ................................................................................... 15

TRANSCRIPT OF SUPERVISED RELEASE VIOLATION HEARING
    BEFORE THE HONORABLE JACQUELYN D. AUSTIN,
    UNITED STATES DISTRICT JUDGE, HELD AUGUST 26, 2025
    .................................................................................................. 19

JUDGMENT FOR REVOCATION IN A CRIMINAL CASE, FILED
    AUGUST 27, 2025 ...................................................................... 42

NOTICE OF APPEAL, FILED SEPTEMBER 10, 2025 ........................ 45


## VOLUME II – Sealed

SUPERVISED RELEASE VIOLATION REPORT ................................ 46

ADDENDUM TO THE SUPERVISED RELEASE VIOLATION
    REPORT .................................................................................... 60

i

APPEAL,CLOSED

# U.S. District Court
## District of South Carolina (Anderson/Greenwood)
## CRIMINAL DOCKET FOR CASE #: <u>8:24−cr−00193−JDA−1</u>

Case title: USA v. BEASLEY, ET AL

Date Filed: 03/12/2024

Date Terminated: 10/08/2024

Assigned to: Honorable Jacquelyn D Austin

Appeals court case number: 25−4489 4CCA

### <u>Defendant (1)</u>

**Justin Tyler Beasley**
*TERMINATED: 10/08/2024*

represented by **Erica Marie Soderdahl**
Federal Public Defender's Office (Gvle)
Two Liberty Square
75 Beattie Place
Suite 950
Greenville, SC 29601
864−235−8714
Fax: 864−233−0188
Email: <u>erica_soderdahl@fd.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Judea Shechinah Davis**
Federal Public Defender's Office (Gvle)
Two Liberty Square
75 Beattie Place
Suite 950
Greenville, SC 29601
864−235−8714
Email: <u>judea_davis@fd.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

### <u>Pending Counts</u>

18:371 CONSPIRACY TO DEFRAUD THE UNITED STATES
(1)

### <u>Disposition</u>

The defendant is committed to the custody of the Bureau of Prisons for a term of time served, followed by three (3) years supervised release. This term consists of 3 years as to Counts 1 and 3, to run

**JA 001**

18:1708 THEFT OR RECEIPT OF STOLEN MAIL MATTER (3)

concurrently. $200.00 special assessment.REVOCATION JUDGMENT: the defendant is committed to the custody of the Bureau of Prisons for a term of four (4) months, followed by twenty−seven (27) months supervised release. REVOCATION JUDGMENT: The defendant's term of supervised release is revoked and he is committed to the custody of the Bureau of Prisons for a term of twenty−four (24) months, with no term of supervised release to follow.

The defendant is committed to the custody of the Bureau of Prisons for a term of time served, followed by three (3) years supervised release. This term consists of 3 years as to Counts 1 and 3, to run concurrently. $200.00 special assessment.REVOCATION JUDGMENT: the defendant is committed to the custody of the Bureau of Prisons for a term of four (4) months, followed by twenty−seven (27) months supervised release. REVOCATION JUDGMENT: The defendant's term of supervised release is revoked and he is committed to the custody of the Bureau of Prisons for a term of twenty−four (24) months, with no term of supervised release to follow.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| **USA** | represented by | **William J Watkins , Jr**<br>US Attorneys Office (Gville)<br>55 Beattie Place<br>Suite 700<br>Greenville, SC 29601<br>864−282−2100 |
| --- | --- | --- |

**JA 002**

Fax: 864−233−3158
Email: bill.watkins@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/2024 | 2 | SEALED INDICTMENT (Sealed Grand Jury Ballot attached) as to Justin Tyler Beasley (1) counts 1, 3; Daniel Ray Pauley, II (2) counts 1, 2. (Attachments: # 1 GJ Ballot) (arut) (Entered: 03/13/2024) |
| 03/12/2024 | 6 | **ORDER FOR ISSUANCE OF Indictment WARRANT as to Justin Tyler Beasley. Signed by Magistrate Judge Kevin McDonald on 3/12/24.(arut)** (Entered: 03/13/2024) |
| 03/12/2024 | 11 | **STANDING ORDER GOVERNING DISCOVERY as to Justin Tyler Beasley, Daniel Ray Pauley, II. Signed by Magistrate Judge Kevin McDonald on 3/12/24.(arut)** (Entered: 03/13/2024) |
| 03/15/2024 | 12 | Arrest of Justin Tyler Beasley. Clerk notified by: USPIS. (awil, ) (Entered: 03/15/2024) |
| 03/15/2024 | 13 | NOTICE OF HEARING as to Justin Tyler Beasley: Arraignment set for 3/15/2024 10:00 AM in Greenville #3100, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Magistrate Judge Kevin McDonald. (awil, ) (Entered: 03/15/2024) |
| 03/15/2024 | 14 | **ORAL Order to Unseal Indictment as to Justin Tyler Beasley on Oral Motion by the government. Entered by Magistrate Judge Kevin McDonald on 3/15/24.(awil, )** (Entered: 03/15/2024) |
| 03/15/2024 | 15 | **Minute Entry for proceedings held before Magistrate Judge Kevin McDonald: Arraignment as to Justin Tyler Beasley (1) Count 1,3 held on 3/15/2024. Defendant present in custody. Federal Public Defender Stepp present and appointed. Defendant waived reading of charges and penalties. Plea of not guilty entered by the Court on behalf of the defendant. ORAL Rule 5f. Bond is set at $25,000 unsecured. Defendant must stay in compliance with state supervision. Tape #Buckingham CourtSmart 3100. (awil, )** (Entered: 03/15/2024) |
| 03/15/2024 | 16 | **ORDER Setting Conditions of Release as to Justin Tyler Beasley (1). Bond is set at $25,000 unsecured. Defendant must stay in compliance with state supervision. Signed by Magistrate Judge Kevin McDonald on 3/15/24.(awil, )** (Entered: 03/15/2024) |
| 03/15/2024 | 17 | Unsecured Bond Entered as to Justin Tyler Beasley in amount of $ 25,000. (awil, ) (Entered: 03/15/2024) |
| 03/15/2024 | 19 | REDACTED INDICTMENT as to Justin Tyler Beasley. (awil, ) (Entered: 03/15/2024) |
| 03/15/2024 | 20 | **FRCrP 5(f) DISCLOSURE ORDER as to Justin Tyler Beasley. Signed by Magistrate Judge Kevin McDonald on 3/15/24.(awil, )** (Entered: 03/15/2024) |
| 03/15/2024 | 22 | **TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER Erica Marie Soderdahl for Justin Tyler Beasley. Entered by Magistrate Judge Kevin** |

JA 003

| | | |
|---|---|---|
| | | **McDonald on 3/15/24.(awil, ) (Entered: 03/15/2024)** |
| 03/15/2024 | 23 | MOTION for Discovery *and Inspection* by Justin Tyler Beasley. No proposed order(Soderdahl, Erica) (Entered: 03/15/2024) |
| 03/15/2024 | 24 | MOTION for Disclosure *of Intent to Use Evidence of Other Crimes, Wrongs, or Acts Under Federal Rules of Evidence 404(b)* by Justin Tyler Beasley. No proposed order(Soderdahl, Erica) (Entered: 03/15/2024) |
| 03/15/2024 | 25 | MOTION for Disclosure *of Intent to Use Evidence* by Justin Tyler Beasley. No proposed order(Soderdahl, Erica) (Entered: 03/15/2024) |
| 03/18/2024 | 27 | Warrant Returned Executed on 3/15/24 in case as to Justin Tyler Beasley. (awil, ) (Entered: 03/18/2024) |
| 03/22/2024 | 39 | Case Reassigned as to Justin Tyler Beasley, Daniel Ray Pauley, II to Honorable Jacquelyn D Austin. (bshr, ) (Entered: 03/22/2024) |
| 03/22/2024 | 40 | NOTICE OF HEARING as to Justin Tyler Beasley, Daniel Ray Pauley, II: Pretrial Conference/Change of Plea Hearing set for 4/11/2024 10:00 AM in Greenville #6200, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Honorable Jacquelyn D Austin. (jtho, ) (Entered: 03/22/2024) |
| 03/25/2024 | 41 | ELEMENTS by USA as to Justin Tyler Beasley, Daniel Ray Pauley, II (Watkins, William) (Entered: 03/25/2024) |
| 04/11/2024 | 45 | **Minute Entry for proceedings held before Honorable Jacquelyn D Austin: Pretrial Conference as to Justin Tyler Beasley held on 4/11/2024. The defendant is present with AFPD Erica Soderdahl and requests a continuance to the next term of court. The defendant is to begin substance abuse treatment 4/12/24. Court Reporter Teresa Johnson. (jtho, ) (Entered: 04/11/2024)** |
| 04/11/2024 | 46 | **ORDER TO CONTINUE − Ends of Justice granting oral motion as to Justin Tyler Beasley. The defendant is continued to the June 2024 term of court. Signed by Honorable Jacquelyn D Austin on 4/11/24.(jtho, ) (Entered: 04/11/2024)** |
| 04/22/2024 | 47 | **TEXT ORDER as to Justin Tyler Beasley (1) granting as unopposed 23 Motion for Discovery, 24 Motion for disclosure of intent to use evidence of other crimes, and 25 Motion for disclosure of intention to use evidence. Signed by Honorable Jacquelyn D Austin on 4/22/24.(jtho, ) (Entered: 04/22/2024)** |
| 05/02/2024 | 50 | **PETITION AND ORDER FOR ISSUANCE OF Bond Violation WARRANT as to Justin Tyler Beasley. Signed by Magistrate Judge Kevin McDonald on 5/2/24.(awil, ) (Entered: 05/06/2024)** |
| 05/03/2024 | 49 | NOTICE OF HEARING as to Justin Tyler Beasley:Pretrial Conference and Change of Plea Hearing set for 6/10/2024 10:00 AM in Greenville #6200, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Honorable Jacquelyn D Austin. (jtho, ) (Entered: 05/03/2024) |
| 05/08/2024 | 53 | NOTICE OF HEARING as to Justin Tyler Beasley: Bond Revocation Hearing set for 5/10/2024 10:00 AM in Greenville #3100, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Magistrate Judge Kevin McDonald. Defendant to self report to the USM at 9:00 a.m.(awil, ) (Entered: 05/08/2024) |
| 05/10/2024 | 54 | |

| | | |
|---|---|---|
| | | Arrest of Justin Tyler Beasley. Clerk notified by: USM. (awil, ) (Entered: 05/10/2024) |
| 05/10/2024 | 55 | **Minute Entry for proceedings held before Magistrate Judge Kevin McDonald: Bond Revocation Hearing as to Justin Tyler Beasley held on 5/10/2024. Defendant present in custody with counsel. Court takes matter under advisement. Court will reconvene Wednesday, May 15, at 10:00 a.m. Tape #Smith CourtSmart 3100. (awil, )** (Entered: 05/10/2024) |
| 05/10/2024 | 56 | NOTICE OF HEARING as to Justin Tyler Beasley: Bond Revocation Hearing set for 5/15/2024 10:00 AM in Greenville #3100, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Magistrate Judge Kevin McDonald. (awil, ) (Entered: 05/10/2024) |
| 05/10/2024 | 57 | Warrant Returned Executed on 5/10/24 in case as to Justin Tyler Beasley. (awil, ) (Entered: 05/10/2024) |
| 05/14/2024 | 58 | AMENDED NOTICE OF HEARING as to Justin Tyler Beasley: NOTE DATE CHANGE: Bond Revocation Hearing set for 5/16/2024 10:00 AM in Greenville #3100, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Magistrate Judge Kevin McDonald. (awil, ) (Entered: 05/14/2024) |
| 05/14/2024 | 59 | SECOND AMENDED NOTICE OF HEARING as to Justin Tyler Beasley: Bond Revocation Hearing set for 5/15/2024 10:00 AM in Greenville #3100, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Magistrate Judge Kevin McDonald. (awil, ) (Entered: 05/14/2024) |
| 05/15/2024 | 60 | **Minute Entry for proceedings held before Magistrate Judge Kevin McDonald: Bond Revocation Hearing as to Justin Tyler Beasley held on 5/15/2024. Defendant present in custody with counsel (FPD Blanchard standing in). Defendant will remain in custody until/if bed space is available at an approved facility. Tape #Weber CourtSmart 3100. (awil, )** (Entered: 05/15/2024) |
| 05/15/2024 | 61 | **ORAL ORDER as to Justin Tyler Beasley: Defendant will remain in custody until/if bed space is available at an approved facility. Entered by Magistrate Judge Kevin McDonald on 5/15/24.(awil, )** (Entered: 05/15/2024) |
| 05/22/2024 | 62 | **TEXT ORDER Setting Conditions of Release as to Justin Tyler Beasley (1). Bond is reinstated at $25,000 unsecured. THE DEFENDANT IS TO BE RELEASED THURSDAY, MAY 23, 2024, AT 9:00 AM. He will be transported by Labor of the Field to the facility where he will need to comply with all of the rules of the program and successfully complete the program. A bond status conference will be held after completion of the program. Entered by Magistrate Judge Kevin McDonald on 5/22/24.(awil, )** (Entered: 05/22/2024) |
| 06/10/2024 | 64 | **Minute Entry for proceedings held before Honorable Jacquelyn D Austin: Pretrial Conference and Change of Plea Hearing as to Justin Tyler Beasley held on 6/10/2024. The defendant is present with attorney Erica Soderdahl and enters a guilty plea to counts 1,3. Court Reporter Teresa Johnson. (jtho, )** (Entered: 06/10/2024) |
| 06/10/2024 | 65 | GUILTY PLEA ENTERED for counts 1 and 3 as to Justin Tyler Beasley. (jtho, ) (Entered: 06/10/2024) |
| 06/27/2024 | 67 | NOTICE OF REQUEST FOR PROTECTION from Court Appearance as to Justin Tyler Beasley for Wednesday, July 3, 2024, Friday July 12, 2024, Wednesday July |

**JA 005**

| | | |
|---|---|---|
| | | 17, 2024 through Friday July 19, 2024, and Monday July 29, 2024 through August 2, 2024 (Soderdahl, Erica) (Entered: 06/27/2024) |
| 07/29/2024 | 70 | **PETITION AND ORDER FOR ISSUANCE OF Bond Violation WARRANT as to Justin Tyler Beasley. Signed by Magistrate Judge Kevin McDonald on 7/29/24.(awil, )** (Entered: 07/29/2024) |
| 08/06/2024 | 73 | NOTICE OF HEARING as to Justin Tyler Beasley: Bond Status Conference set for 8/12/2024 11:00 AM in Greenville #6200, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Honorable Jacquelyn D Austin. (jtho, ) (Entered: 08/06/2024) |
| 08/12/2024 | 76 | **Minute Entry for proceedings held before Honorable Jacquelyn D Austin: Bond Status Conference as to Justin Tyler Beasley called on 8/12/2024. The defendant failed to appear, but AFPD Erica Soderdahl is present. Warrant currently pending. Oral motion re: responding to PSR. Court Reporter Teresa Johnson. (jtho, )** (Entered: 08/12/2024) |
| 08/12/2024 | 77 | ORAL MOTION to allow fourteen (14) days after arrest to submit objections to amended presentence report by counsel for Justin Tyler Beasley. No proposed order(jtho, ) (Entered: 08/12/2024) |
| 08/12/2024 | 78 | **ORAL ORDER granting 77 Motion to allow fourteen (14) days after arrest to submit objections to amended presentence report as to Justin Tyler Beasley (1). Signed by Honorable Jacquelyn D Austin on 8/12/24.(jtho, )** (Entered: 08/12/2024) |
| 08/16/2024 | 82 | Arrest of Justin Tyler Beasley. Clerk notified by: USMS. (jtho, ) (Entered: 08/16/2024) |
| 08/16/2024 | 83 | NOTICE OF HEARING as to Justin Tyler Beasley: Bond Revocation Hearing set for 8/16/2024 11:00 AM in Greenville #6200, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Honorable Jacquelyn D Austin. (jtho, ) (Entered: 08/16/2024) |
| 08/16/2024 | 84 | Warrant Returned Executed on 8/16/24 in case as to Justin Tyler Beasley. (jtho, ) (Entered: 08/16/2024) |
| 08/16/2024 | 85 | **Minute Entry for proceedings held before Honorable Jacquelyn D Austin: Bond Revocation Hearing as to Justin Tyler Beasley held on 8/16/2024. The defendant is present in custody with AFPD Erica Soderdahl and waives reading of violations. Bond is revoked. Court Reporter Teresa Johnson. (jtho, )** (Entered: 08/16/2024) |
| 08/16/2024 | 86 | **ORAL ORDER Revoking Bond as to Justin Tyler Beasley. Signed by Honorable Jacquelyn D Austin on 8/16/24.(jtho, )** (Entered: 08/16/2024) |
| 09/04/2024 | 94 | NOTICE OF HEARING as to Justin Tyler Beasley: Sentencing set for 10/7/2024 02:30 PM in Greenville #6200, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Honorable Jacquelyn D Austin. (jtho, ) (Entered: 09/04/2024) |
| 09/24/2024 | 100 | SENTENCING MEMORANDUM by Justin Tyler Beasley (Soderdahl, Erica) (Entered: 09/24/2024) |
| 10/07/2024 | 102 | **Minute Entry for proceedings held before Honorable Jacquelyn D Austin: Sentencing held on 10/7/2024 as to Justin Tyler Beasley. Special** |

| | | |
|---|---|---|
| | | **Assessment:$200.00. Court Reporter Teresa Johnson. (jtho, ) (Entered: 10/08/2024)** |
| 10/08/2024 | 103 | **JUDGMENT as to Justin Tyler Beasley (1), Counts 1 and 3: The defendant is committed to the custody of the Bureau of Prisons for a term of time served, followed by six (6) months supervised release. This term consists of three (3) years as to Counts 1 and 3, to run concurrently. $200.00 special assessment. Signed by Honorable Jacquelyn D Austin on 8/10/24.(jtho, )** (Main Document 103 replaced on 10/8/2024 to correct term of supervised release) (jtho, ). Modified on 11/12/2024 to edit docket text (jtho, ). (Entered: 10/08/2024) |
| 10/23/2024 | 106 | MOTION to Show Cause re Revocation of Supervised Release for Justin Tyler Beasley (1) on counts Count 1,3. (jtho, ) (Entered: 10/23/2024) |
| 10/23/2024 | 107 | **ORDER FOR ISSUANCE OF SUPERVISED RELEASE VIOLATION WARRANT as to Justin Tyler Beasley. Signed by Honorable Jacquelyn D Austin on 10/23/24.(jtho, )** (Main Document 107 replaced on 10/23/2024 to indicate issuance of warrant) (jtho, ). (Entered: 10/23/2024) |
| 10/23/2024 | 110 | Arrest of Justin Tyler Beasley. Clerk notified by: USM. (jens, ) (Entered: 10/23/2024) |
| 10/23/2024 | 111 | NOTICE OF HEARING as to Justin Tyler Beasley Initial Appearance on Revocation Proceedings set for 10/24/2024 10:00 AM in Greenville #3100, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Magistrate Judge Kevin McDonald. (jens, ) (Entered: 10/23/2024) |
| 10/24/2024 | 112 | **Minute Entry for proceedings held before Magistrate Judge Kevin McDonald: Initial Appearance re Revocation of Supervised Release as to Justin Tyler Beasley held on 10/24/2024. Defendant present in custody with FPD Soderdahl. FPD Soderdahl appointed. Defendant waived reading of charges and penalties. No bond set by order of US District Judge Austin. Court Reporter Michele Becker. (jens, )** (Entered: 10/24/2024) |
| 10/24/2024 | 113 | **TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER Erica Marie Soderdahl for Justin Tyler Beasley. Entered by Magistrate Judge Kevin McDonald on 10/24/2024.(jens, )** (Entered: 10/24/2024) |
| 10/24/2024 | 114 | **ORAL ORDER OF DETENTION as to Justin Tyler Beasley. No bond set order of US District Judge Austin. Signed by Magistrate Judge Kevin McDonald on 10/24/2024.(jens, )** (Entered: 10/24/2024) |
| 10/24/2024 | 115 | Warrant Returned Executed on 10/23/2024 in case as to Justin Tyler Beasley. (jens, ) (Entered: 10/24/2024) |
| 11/20/2024 | 120 | **COUNSEL ARE RESPONSIBLE FOR ADHERING TO DEADLINES IN THIS NOTICE** NOTICE OF HEARING as to Justin Tyler Beasley: Final Hearing re Revocation of Supervised Release set for 12/6/2024 11:00 AM in Greenville #6200, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Honorable Jacquelyn D Austin. (jtho, ) (Entered: 11/20/2024) |
| 11/25/2024 | 121 | |

**JA 007**

| | | |
|---|---|---|
| | | MOTION to Depart from Guidelines. Type of Departure: Motion for Downward Variance by Justin Tyler Beasley. No proposed order(Soderdahl, Erica) (Entered: 11/25/2024) |
| 12/06/2024 | 122 | **Minute Entry for proceedings held before Honorable Jacquelyn D Austin: Final Hearing re Revocation of Supervised Release as to Justin Tyler Beasley held on 12/6/2024. The defendant is present in custody with AFPD Erica Soderdahl and admits violations 1−3. Court Reporter Michele Becker. (jtho, ) (Entered: 12/06/2024)** |
| 12/06/2024 | 123 | **TEXT ORDER granting 106 Motion to Show Cause re Revocation of Supervised Release as to Justin Tyler Beasley (1). Signed by Honorable Jacquelyn D Austin on 12/6/24.(jtho, ) (Entered: 12/06/2024)** |
| 12/06/2024 | 124 | **ORAL ORDER denying 121 Motion to Depart from Guidelines as to Justin Tyler Beasley (1). Signed by Honorable Jacquelyn D Austin on 12/6/24.(jtho, ) (Entered: 12/06/2024)** |
| 12/10/2024 | 125 | **JUDGMENT FOR REVOCATION of SUPERVISED RELEASE, Sentence Date: 12/6/24 as to Justin Tyler Beasley (1): the defendant is committed to the custody of the Bureau of Prisons for a term of four (4) months, followed by twenty−seven (27) months supervised release. Signed by Honorable Jacquelyn D Austin on 12/10/24.(jtho, ) (Entered: 12/10/2024)** |
| 04/15/2025 | 126 | MOTION to Modify Conditions of Release as to Justin Tyler Beasley. (Attachments: # 1 Waiver of Hearing)(jtho, ) (Entered: 04/15/2025) |
| 04/15/2025 | 127 | **ORDER granting 126 Motion to Modify Conditions of Release as to Justin Tyler Beasley (1). Signed by Honorable Jacquelyn D Austin on 4/15/25.(jtho, ) (Entered: 04/15/2025)** |
| 05/08/2025 | 128 | **ORDER adopting recommendation of United States Probation Office as to Justin Tyler Beasley. Signed by Honorable Jacquelyn D Austin on 5/8/25.(jtho, ) (Entered: 05/08/2025)** |
| 05/21/2025 | 129 | **ORDER adopting recommendation of the United States Probation Office as to Justin Tyler Beasley. Signed by Honorable Jacquelyn D Austin on 05/21/2025.(ncha, ) (Entered: 05/21/2025)** |
| 06/24/2025 | 130 | **ORDER adopting recommendation of United States Probation Office as to Justin Tyler Beasley. Signed by Honorable Jacquelyn D Austin on 6/24/25.(jtho, ) (Entered: 06/24/2025)** |
| 07/02/2025 | 131 | SEALED MOTION to Show Cause re Revocation of Supervised Release for Justin Tyler Beasley (1) on counts 1,3. No proposed order(jtho, ) (Entered: 07/02/2025) |
| 07/02/2025 | 132 | **SEALED ORDER FOR ISSUANCE OF SUPERVISED RELEASE VIOLATION WARRANT as to Justin Tyler Beasley. Signed by Honorable Jacquelyn D Austin on 7/2/25.(jtho, ) Modified on 7/2/2025 to edit text (jtho, ). (Entered: 07/02/2025)** |
| 07/09/2025 | 135 | Arrest of Justin Tyler Beasley. Clerk notified by: USM. (awil, ) (Entered: 07/10/2025) |
| 07/10/2025 | 136 | NOTICE OF HEARING as to Justin Tyler Beasley: Initial Appearance on Revocation Proceedings set for 7/10/2025 10:00 AM in Greenville #3100, Carroll A |

| | | |
|---|---|---|
| | | Campbell Jr Courthouse, 250 East North St, Greenville before Magistrate Judge Kevin McDonald. (awil, ) (Entered: 07/10/2025) |
| 07/10/2025 | 137 | Warrant Returned Executed on 7/9/25 in case as to Justin Tyler Beasley. (awil, ) (Entered: 07/10/2025) |
| 07/10/2025 | 138 | **Minute Entry for proceedings held before Magistrate Judge Kevin McDonald: Initial Appearance re Revocation of Supervised Release as to Justin Tyler Beasley held on 7/10/2025. Defendant present in custody. Federal Public Defender Davis present and appointed. Defendant waived reading of charges and penalties. Defendant waived bond with leave to revisit. Tape #Marler CourtSmart 3100. (awil, )** (Entered: 07/10/2025) |
| 07/10/2025 | 139 | **ORAL ORDER OF DETENTION as to Justin Tyler Beasley: Defendant waived bond with leave to revisit. Entered by Magistrate Judge Kevin McDonald on 7/10/25.(awil, )** (Entered: 07/10/2025) |
| 07/10/2025 | 140 | **TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER Judea Shechinah Davis for Justin Tyler Beasley. Entered by Magistrate Judge Kevin McDonald on 7/10/25.(awil, )** (Entered: 07/10/2025) |
| 08/14/2025 | 142 | **ATTORNEYS ARE RESPONSIBLE FOR ADHERING TO DEADLINES IN THIS NOTICE**<br><br>NOTICE OF HEARING as to Justin Tyler Beasley: Final Hearing re Revocation of Supervised Release set for 8/26/2025 11:00 AM in Greenville #6200, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Honorable Jacquelyn D Austin.<br><br>(jtho, ) (Entered: 08/14/2025) |
| 08/15/2025 | 143 | **ATTORNEYS ARE RESPONSIBLE FOR ADHERING TO DEADLINES IN THIS NOTICE**<br><br>NOTICE OF RESCHEDULED HEARING (time change only) as to Justin Tyler Beasley: Final Hearing re Revocation of Supervised Release set for 8/26/2025 10:00 AM in Greenville #6200, Carroll A Campbell Jr Courthouse, 250 East North St, Greenville before Honorable Jacquelyn D Austin.<br><br>(jtho, ) (Entered: 08/15/2025) |
| 08/19/2025 | 144 | SENTENCING MEMORANDUM by Justin Tyler Beasley (Davis, Judea) (Entered: 08/19/2025) |
| 08/26/2025 | 145 | **Minute Entry for proceedings held before Honorable Jacquelyn D Austin: Final Hearing re Revocation of Supervised Release as to Justin Tyler Beasley held on 8/26/2025. The defendant is present in custody with AFPD Judea Davis. Court Reporter Teresa Johnson. (jtho, )** (Entered: 08/26/2025) |
| 08/26/2025 | 146 | ORAL MOTION for Downward Departure from Guidelines by Justin Tyler Beasley. (jtho, ) (Entered: 08/26/2025) |
| 08/26/2025 | 147 | **ORAL ORDER denying 146 Motion for Downward Departure from Guidelines as to Justin Tyler Beasley (1). Signed by Honorable Jacquelyn D Austin on 8/26/25.(jtho, )** (Entered: 08/26/2025) |

| 08/26/2025 | 148 | **TEXT ORDER as to Justin Tyler Beasley granting 131 SEALED MOTION to Show Cause re Revocation of Supervised Release for Justin Tyler Beasley (1) on counts 1,3. Signed by Honorable Jacquelyn D Austin on 8/26/25.(jtho, ) (Entered: 08/26/2025)** |
|---|---|---|
| 08/27/2025 | 149 | **JUDGMENT FOR REVOCATION of SUPERVISED RELEASE, Sentence Date: 8/26/25, as to Justin Tyler Beasley (1), Counts 1, 3: The defendant's term of supervised release is revoked and he is committed to the custody of the Bureau of Prisons for a term of twenty−four (24) months, with no term of supervised release to follow. Signed by Honorable Jacquelyn D Austin on 8/27/25.(jtho, ) (Entered: 08/27/2025)** |
| 09/10/2025 | 150 | NOTICE OF APPEAL OF FINAL JUDGMENT by Justin Tyler Beasley re 149 Judgment for Revocation, − The Docketing Statement form, Transcript Order form, and CJA 24 form may be obtained from the Fourth Circuit website at www.ca4.uscourts.gov. If applicable, the original CJA 24 form must be sent to the clerk's office upon filing of the Transcript Order form. (Davis, Judea) (Entered: 09/10/2025) |
| 09/11/2025 | 152 | Transmittal Sheet for Notice of Appeal to USCA as to Justin Tyler Beasley to US Court of Appeals re 150 Notice of Appeal − Final Judgment. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (jtho, ) (Entered: 09/11/2025) |
| 09/12/2025 | 154 | ORDER of USCA appointing Federal Defender for the District of South Carolina as to Justin Tyler Beasley re 150 Notice of Appeal − Final Judgment. (jtho, ) (Entered: 09/12/2025) |
| 11/03/2025 | 155 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Justin Tyler Beasley. Supervised Release Violation Hearing for dates of 08/26/2025 before Judge Jacquelyn D. Austin, re 150 Notice of Appeal − Final Judgment, Court Reporter/Transcriber Teresa B. Johnson, Telephone number/E−Mail Teresa_johnson@scd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 7 calendar days from the filing of the transcript to file with the court a Notice of Intent to Request Redaction. ***Does this satisfy all appellate orders for this reporter? Y***<br><br>Redaction Request due 11/24/2025. Redacted Transcript Deadline set for 12/4/2025. Release of Transcript Restriction set for 2/2/2026. (tjohnson, ) (Entered: 11/03/2025) |

✎Prob 12C
(Rev. 01/25 - D/SC)

# United States District Court

for

### District of South Carolina

_____

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Justin Tyler Beasley          **Case Number:** 8:24CR00193-001

**Name of Sentencing Judicial Officer:** The Honorable Jacquelyn D. Austin, United States District Judge

**Date of Original Sentence:** October 7, 2024

**Original Offense:**          Count 1: Conspiracy to Steal Mail and Possess Stolen Mail, in violation of 18 U.S.C. §§ 371 and 1708

Count 3: Possession of Stolen Mail, in violation of 18 U.S.C. § 1708.

**Original Sentence:** The defendant was committed to the custody of the Bureau of Prisons for 52 days followed by three years of supervised release. In addition to the standard conditions of supervision, the following special conditions were imposed at sentencing: (1) You must satisfactorily participate in and successfully complete a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity); (2) You must submit to substance abuse testing to determine if you have used a prohibited substance; (3) You must contribute to the costs of any treatment and/or drug testing not to exceed the amount determined reasonable by the Court-approved U.S. Probation Office's "Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid; (4) You must complete 75 hours of community service during your term of supervised release. The probation officer will supervise your participation in the program by approving the program (agency, location, frequency of participation). You must provide written verification of completed hours to the probation officer; and (5) You must satisfactorily participate in and successfully complete substance abuse treatment at Home with a Heart. You are to report to the program on October 7, 2024. The defendant was also ordered to pay a special assessment fee in the amount of $200.

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** February 20, 2025

**Previous Court Action/Notifications:** On December 6, 2024, the defendant appeared before Your Honor for the following violations of supervised release: 1) Failure to Notify of Change of Address; and 2) Failure to Participate in and Successfully Complete Substance Abuse Treatment at Home with a Heart. The defendant's term of supervised release was revoked for 4 months with 27 months of supervised release to follow.

On April 15, 2025, the Court approved a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender. This modification was in response to the defendant notifying his supervising officer of traumatic events occurring in his life and his desire for mental health treatment. Special conditions requiring the defendant to participate in and successfully complete mental health treatment and take all mental health medications as prescribed were added to the defendant's term of supervision.

## JA 011

✎Prob 12C                                                                                    Page 2
  (Rev. 10/20 - D/SC)

On May 8, 2025, the Court approved a Report on Offender Under Supervision in response to the defendant testing positive for methamphetamine, amphetamine, and marijuana on May 6, 2025. No Court action was taken, and the defendant's term of supervision was continued.

On May 21, 2025, the Court approved a Report on Offender Under Supervision in response to the defendant testing positive for methamphetamine and amphetamine on April 30, 2025, and norfentanyl on May 8, 2025. No Court action was taken, and the defendant's term of supervision was continued.

On June 24, 2025, the Court approved a Report on Offender Under Supervision in response to the defendant testing positive for methamphetamine, amphetamine, and norfentanyl on May 20, 2025; methamphetamine and amphetamine on May 27, 2025; and methamphetamine on June 4, 2025. No Court action was taken, and the defendant's term of supervision was continued.

---

## PETITIONING THE COURT

☒        To issue a warrant (petition and warrant to remain under seal)

☐        To issue a summons

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1) | **Use of Illegal Substances:** The defendant was administered a drug test on March 28, 2025, and returned preliminary positive results for methamphetamine and marijuana. The defendant signed an Admission of Drug Use form affirming the use of the listed substances. |
| 2) | **Use of Illegal Substances:** The defendant was administered a drug test on April 23, 2025. The results were confirmed positive by the Abbott National Testing Lab for amphetamine, methamphetamine, and marijuana on May 6, 2025. |
| 3) | **Use of Illegal Substances:** The defendant was administered a drug test on April 30, 2025. The results were confirmed positive for amphetamine and methamphetamine on May 10, 2025. |
| 4) | **Use of Illegal Substances:** The defendant was administered a drug test on May 8, 2025. The results were confirmed positive for norfentanyl on May 16, 2025. |
| 5) | **Use of Illegal Substances:** The defendant was administered a drug test on May 20, 2025. The results were confirmed positive by the Abbott National Testing Lab for methamphetamine, amphetamine, and norfentanyl on June 3, 2025. |

## JA 012

✎Prob 12C                                                                                    Page 3
(Rev. 10/20 - D/SC)

**6)**        **<u>Use of Illegal Substances</u>:** The defendant was administered a drug test on May 27, 2025. The results were confirmed positive by the Abbott National Testing Lab for methamphetamine and amphetamine on June 5, 2025.

**7)**        **<u>Use of Illegal Substances</u>:** The defendant was administered a drug test on June 4, 2025. The results were confirmed positive by the Abbott National Testing Lab for methamphetamine on June 12, 2025.

**8)**        **<u>Use of Illegal Substances</u>:** The defendant was administered a drug test on June 10, 2025. The results were confirmed positive by the Abbott National Testing Lab for methamphetamine and amphetamine on June 24, 2025.

**9)**        **<u>Use of Illegal Substances</u>:** The defendant was administered a drug test on June 18, 2025. The results were confirmed positive by the Abbott National Testing Lab for methamphetamine and amphetamine on June 29, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___July 1, 2025_____

Sadie R. Vaughn
U.S. Probation Officer
Greenville Office

Reviewed and Approved By:

Bryanna A. Rogers
Supervising U.S. Probation Officer

**JA 013**

8:24-cr-00193-JDA    Date Filed 07/02/25    Entry Number 132    Page 4 of 4

✎ Prob 12C                                                                                    Page 4
   (Rev. 10/20 - D/SC)

---

**THE COURT ORDERS:**

☐          No action.

X          The issuance of a warrant.

    X          **The Petition, Order and Warrant shall remain under seal until served by the United States Marshal Service, or further order of the court. The Clerk shall forward a copy of this signed petition and warrant to the United States Marshal Service, the United States Probation Office, and the United States Attorney's Office, which may share such documents with other law enforcement agencies or other entities or persons as may be necessary to facilitate service thereof. The assigned United States Probation Officer shall contact the United States Marshal Service to coordinate the timely arrest of the defendant at the United States Probation Office if appropriate. Upon arrest, the Petition, Order and Warrant may be unsealed by the Clerk.**

☐          The issuance of a summons.

---

**BOND CONSIDERATION:**

X          Bond to be set at the discretion of the United States Magistrate Judge.

☐          Other (specify):

 

s/Jacquelyn D. Austin
United States District Judge

July 2, 2025
Date

**JA 014**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.: 8:24-cr-00193-JDA-1 |
| | ) | |
| v. | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| JUSTIN TYLER BEASLEY | ) | |
| | ) | |

Justin Tyler Beasley's relationship with this Court is about eighteen months old. It started in March 2024, when Justin was indicted for mail theft offenses. Three months later, in June 2024, Justin pled guilty to those offenses. In October 2024, Justin was sentenced by the Court to time served and six months of supervised release. Then, in December 2024, Justin's supervised release term was revoked. He received a four-month prison sentence, followed by twenty-seven months of supervised release. Between March 2024 and December 2024, the Court received substantial information about Justin from the United States Probation Office (USPO) and Justin's previous counsel. Accordingly, all of that information, while important, won't be reproduced here, but is incorporated by reference. (*See* ECF No. 100.) However, some of it does bear repeating, especially—and most relevant to the pending violations—Justin's "complex mental health condition"[1] of substance use disorder (SUD).

During the nine months between March and December 2024, try as he might, Justin continued his problematic pattern of marijuana and methamphetamine use. All of his pending violations, and all of his previous violations from December 2024, concern his SUD. Without question, Justin's SUD is at the very least frustrating. It's frustrating to the Court; to the United States Probation Office; to Justin's family; and to Justin. As undeniably

---

[1] Cleveland Clinic, *Substance Use Disorder*, https://my.clevelandclinic.org/health/diseases/16652-drug-addiction-substance-use-disorder-sud (last visited Aug. 18, 2025).

1

**JA 015**

frustrating as Justin's SUD is, his continued problematic pattern of marijuana and methamphetamine use is also undeniably unremarkable because SUD "is a complex mental health condition. Substances change the way your brain works, which makes it hard to stop taking a substance, even if you want to", and, "Relapses are common with SUD. A relapse is returning to a substance after stopping it for a period of time. You'll need to detox again and restart your treatment cycle from the beginning. This can be a frustrating process. Relapses can happen years after you last took a substance."[2] Thus, Justin's inability to recover from his SUD during the 18 months of his relationship with the Court isn't indicative of anything other than the chronic nature of SUD. It is *not* evidence of Justin's unwillingness or desire to get clean and stay clean.

Between February 2025 and his arrest in July 2025, Justin faithfully attended substance abuse treatment, and was accepted into Miracle Hill's Overcomers program on June 20, 2025. The Supervised Release Violation Report (SRVR) notes that Justin did not start the program on June 30 as required. The only reason Justin didn't report to Miracle Hill on June 30 is because he didn't have the $200 required for intake. This was another blow for Justin. Because, in addition to the $200, Justin also had to pass a drug test, which he was told on June 25, 2025, during his phone interview with Miracle Hill—one day after he tested positive for methamphetamine, amphetamine, and cocaine. Five days. Justin had to not use for five days so that he could start the treatment program that he truly believed would make a difference. He stopped using. He could make it five days—for his family; for one more chance. He put all his efforts into getting the $200. But he couldn't come up with the money. So, Justin didn't go to Miracle Hill on June 30.

---

[2] *Id.*

# JA 016

But he did attend treatment at Addcare on July 8. Knowing he would test positive, and knowing he should've been at Miracle Hill, Justin still went to substance abuse treatment at Addcare. Justin's faithful participation in treatment is germane because mandatory revocation under 18 U.S.C. § 3583(g)(4), for testing positive for illegal controlled substances more than three times over the course of one year, can be waived upon consideration of "the individual's current or past participation" in available treatment programs. Congress specifically recognized that participation in substance abuse programs matters. And it matters enough to extinguish the exposure to imprisonment that accompanies revocation of supervised release.

The United States Sentencing Guidelines (the "Guidelines") are going the way of the exception in 18 U.S.C. § 3583(g)(4). On November 1, 2025, an amendment to the supervised release sections of the Guidelines goes into effect. The amendment "makes several overarching changes", including

> underscor[ing] *the rehabilitative purposes* of supervised release by dividing the provisions addressing violations of probation and violations of supervised release into separate parts of Chapter Seven and *providing courts with greater discretion* to respond to a violation of a condition of supervised release, *including where appropriate, through alternatives to revocation and imprisonment.*

United States Sentencing Commission, *Amendments to the Sentencing Guidelines* (April 30, 2025), at 31.[3] More specifically,

> [t]he amendment revises the Introduction to Chapter Seven to explain the Commission's updated approach that treats violations of probation and supervised release differently. To highlight the primarily rehabilitative purposes of supervised release, the new introductory language encourages courts to consider graduated responses to non-compliant behavior before revoking supervised release. The Commission believes that a graduated approach will better allocate resources, promote public safety, and facilitate the reentry and rehabilitation of defendants on supervised release.

---

[3] This report can be accessed at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202505_RF.pdf.

**JA 017**

*Id.* at 35. These changes to the Guidelines represent an overhaul to how courts are to view their relationship with people like Justin. While these amendments don't go into effect for three months, the path forward is clear. Accordingly, when considering the factors outlined in 18 U.S.C. § 3553(a) to determine a sentence for Justin that is sufficient but not greater than necessary, he requests that the Court pay special attention to his participation in substance abuse treatment, and the forthcoming amendment to the supervised release sections of the Guidelines.

<div style="margin-left:40%">

Respectfully submitted,

BY: *s/Judea S. Davis*
Judea Shechinah Davis (D.S.C. Fed. Bar #13440)
Assistant Federal Public Defender
75 Beattie Place, Suite 950
Greenville, South Carolina 29601
(864) 235-8714
judea_davis@fd.org

</div>

Greenville, SC
August 19, 2025

**JA 018**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

United States of America,      )
                               )
            Plaintiff,         )
               vs.             )   8:24cr00193
                               )
Justin Tyler Beasley,          )
                               )
            Defendant.         )   August 26, 2025
_____)


TRANSCRIPT OF SUPERVISED RELEASE VIOLATION HEARING

BEFORE THE HONORABLE JACQUELYN D. AUSTIN
United States District Judge, presiding


A P P E A R A N C E S:

For Government:                WILLIAM J. WATKINS, Esquire
                               US Attorneys Office
                               55 Beattie Place, Suite 700
                               Greenville SC 29601

For Defendant:                 JUDEA DAVIS, Esquire
                               Federal Public Defender's Office
                               Two Liberty Square
                               75 Beattie Place, Suite 950
                               Greenville, SC  29601




Teresa B. Johnson, CVR-M-CM, RVR, RVR-M
U.S. District Court Reporter
250 East North Street, Room 3401
Greenville, SC 29601

Proceeding recorded by stenomask, transcript produced by
computer-aided software.


**JA 019**

<u>P R O C E E D I N G S</u>

(Proceedings begin on Tuesday, the 26th day of August 2025, at 10:08 a.m.)

**THE COURT:** Yes, sir.

**MR. WATKINS:** Good morning, Your Honor.

**THE COURT:** Good morning.

**MR. WATKINS:** Your Honor, we're here for a supervised matter. This is 8:24-193, United States versus Beasley. He's here with his attorney, Ms. Davis.

**THE COURTROOM DEPUTY:** Mr. Beasley, if you would place -- please stand and raise your right hand to be sworn, sir. Please state your full name for the record.

**THE DEFENDANT:** Justin Tyler Beasley.

**THE COURTROOM DEPUTY:** Do you solemnly swear or affirm under penalties of perjury that the answers you give to the questions asked by the Court shall be the truth, the whole truth, and nothing but the truth, so help you God, or this being your solemn affirmation?

**THE DEFENDANT:** Yes, ma'am.

**THE COURTROOM DEPUTY:** Thank you.

**THE COURT:** You may be seated.

Ms. Davis, if you'll just make sure you pull his microphone close to him so that we can hear his responses.

Okay. And the prosecutor is prepared to proceed?

**MR. WATKINS:** Yes, ma'am.

THE COURT: Any objections that haven't been --

MR. WATKINS: No, ma'am.

THE COURT: -- resolved?

Ms. Davis?

MS. DAVIS: No objections, Your Honor.

THE COURT: No objections.

Okay. Let's see.

Mr. Beasley, you are here today on a supervised release violation hearing. Have you had sufficient opportunity to review the violation report with your lawyer?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And do you understand the contents of the supervised release violation report?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you admit to the violations in the report?

THE DEFENDANT: I do.

THE COURT: Okay.

Mr. Beasley, on October 7, 2024, you were sentenced and committed to the custody of the Bureau of Prisons for a period of time served, followed by three years of supervised release.

On December 6, 2024, your supervised release was revoked for failure to participate in and successfully complete substance abuse treatment at Home with a Heart. And you were

4

sentenced to 4 months followed by 27 months of supervised release.

   **THE DEFENDANT:**  Yes, ma'am.

   **THE COURT:**  You were again released to supervision on February 20, 2025.  We're here again now on the above-referenced 12 violations, and it is my understanding that there are no unresolved objections to the violation report; therefore, the Court will adopt the factual statements contained in the violation report as the findings of fact by this Court for purposes of sentencing.

   In considering the sentencing option, the Court finds the statutory provisions are as follows:  The maximum term of imprisonment is not more than two years as to Counts 1 and 3 and supervised release of three years less the term of imprisonment imposed upon revocation for Counts 1 and 3.

   The guideline provisions are as follows:  Based on a Grade B violation and a criminal history category of I, the guideline range is 4 to 10 months' imprisonment.  For Counts 1 and 3, 3 years of supervised release less the revocation term.

   Does anyone have any objection to the form of the sentence?

   **MS. DAVIS:**  No objections, Your Honor.

   **MR. WATKINS:**  No objection to the guideline range, Your Honor.

   **THE COURT:**  Okay.  Any corrections?

**JA 022**

5

THE PROBATION AGENT:  No, ma'am.

THE COURT:  Okay.  Thank you.

The Court will first hear from the government regarding appropriate sentence in this case.

MR. WATKINS:  Judge, you're very familiar with Mr. Beasley.  I know you were the judge that presided over his guilty plea initially for the stealing of mail in Anderson County.  And, Judge, you also have, you know, dealt with previous modifications and other appearances of Mr. Beasley here.

Judge, obviously, he's got a bad drug problem.  And, you know, most of these -- of course, we have the drug possession as well.  I don't know what more probation could do to help him in this, Your Honor.  I know he told us he had good plans initially, but this -- you know, they just haven't come to fruition.

Judge, I just ask for a guideline sentence. Obviously, you can't be out on federal supervision and be using these serious substances when you have methamphetamine, amphetamine, norfentanyl -- which, you know, is a fentanyl precursor --

THE COURT:  Right.

MR. WATKINS:  -- to that.  Your Honor is well aware of how dangerous that drug is just from our recent jury trial. And, Judge, he is playing with fire for himself.  I'd love to

**JA 023**

see Mr. Beasley beat this, be a good citizen, get a good job. I know he -- at one time, he had family support, as I recall.

Judge, I don't know what we can do to deter him other than a guideline sentence in this case at a minimum and any other recommendation that probation has. I -- I don't know. It's just one of those -- you scratch your head. You can only really at this point punish, try to deter, but unfortunately, from the list of violations, that policy hasn't worked so well for us.

Again, I know he's struggling with addiction. It explains some but does not excuse. And he's much of a danger to himself as well as others when he's on these substances. Thank you.

**THE COURT:** Thank you.

Ms. Davis?

**MS. DAVIS:** Yes, Your Honor. As the government said, the Court is very familiar with Tyler. I will point out, though, that the relationship between Tyler and the Court is actually smaller than the grand scheme of things. It hasn't lasted for that long.

He's not someone that you can go back and look and see this long criminal history. His criminal history didn't start until he was 25. They were drug offenses.

At the time he was before the court last year, he only had three convictions. One was for simple possession of

marijuana. One was for driving without a license. And I believe the last one was a drug offense as well. He was a Category I. He had one point. And so his -- already he's a little bit different than a lot of people that we see, because he hasn't been involved in the criminal system that long.

As the government has acknowledged, which I appreciate, Tyler is -- he has a very -- very strong substance use disorder. And unfortunately, we are in a position where that dovetails criminally here. And so many times, people sitting in Tyler's seat -- they deal with substance use disorder. And unfortunately, I don't think that our system has everything that is needed to help someone overcome that.

Now the government is right. It doesn't excuse what Tyler -- using drugs, it's not going to excuse it. But I do think it is a significant explanation. When someone is going through substance use disorder, it does literally change their mind. It changes how they think. And so when the Court is being responsive to someone like Tyler -- when the Court is put in a position, because Tyler has used, to come up with a response to that, I think it's important that the Court take into account the evidence and what we know about substance use disorder.

It is not enough to just want to do better. Now that is a huge part of it. You have to want to. And I believe that Tyler does want to. One of the things I -- I'm going to read

**JA 025**

8

to the Court is, when I get my clients, I send them all a survey. And most of them don't fill it out. So number one, Tyler filled out the survey. And he also filled out the last question, which no one ever fills out.

But I ask my clients, I say, "Please let me know if there's any additional thoughts or things that you think we should know."

And he wrote -- he hadn't met me. He didn't know anything about me. He wrote, "I'd really like to get back into rehab, maybe a six-month program or longer, because I really want to get help with my addiction so I can be a better father to my three beautiful daughters and a better husband to my fiancée, who's here today. Please. I don't want to go down the road. I need help and want help so bad. Please let me get into a good rehab."

And so when Tyler and I were working on his case, you know, a lot of people come in, and they say, "I just want to get off supervision." He doesn't want to get off supervision. I'm not asking for that. I saw that the Court gave him 27 months, which tells me that the Court is very invested in Tyler's life and him being rehabilitated and him getting back into society. And that's part of the reason why I talked about how the guidelines are about to change.

Now, they aren't going to change until November. Those changes are significant, but we're actually not asking

**JA 026**

for a variance.  We're not asking even for a split sentence, Your Honor.

Tyler really, truly wants to go back to rehab, and he does not have the money to afford it.  He cannot do it on his own.  As the report pointed out, he was supposed to go to Overcomers.  He didn't have the money to go to Overcomers.  He had to have $200 to be able to get in.  Him and his fiancée, who will speak to the Court -- she can confirm this -- but we talked.  He had been clean for the amount of time he needed to be clean to take a clean drug test, which you have to take a clean drug test to get in, but at that time, they didn't have a lot of money.  They were barely able to pay for the hotel they were staying in.  And so he just didn't go.

However, when he didn't report to Overcomers, he did go back to treatment.  He went back to AddCare.  He'd gone to AddCare for the several months he was out.  He hasn't -- according to the report, hasn't missed a treatment, was participating, Your Honor.  And so I think all of that shows that he really is committed to getting clean.  He doesn't know how -- he doesn't know how to stay clean.

Now he's had other opportunities at other places, and we don't deny that.  I don't think that those places were right for Tyler.  For one specific reason, Your Honor, is that he has some mental health issues.  And in thinking about what is different this time, why is it different, why should the Court

respond differently, that is one of the differences. I think his acknowledgment of those issues -- he and I talked about this.

When he was in his early twenties, he suffered a sexual assault by a roommate. It turned into something that lasted a long time. He needed his family's help to get out.

As the report mentions, his daughter was also recently sexually assaulted. When that happened, it brought up those memories for him and put him in a pretty dark place. His acknowledgment of that, his willing to -- willingness to share that, I think, is one of the things that makes this time different.

He knows that he needs mental health treatment. The report says that he did not tell his counselor at AddCare about that, and that is true. And the reason he didn't was because, at that time, which the report also goes into, Tyler was, I think, a little -- maybe not as honest with himself as he should have been, saying, "If I get a job, I'll stop using drugs." That -- at that point, that was what he wanted to do -- "I'll get a job. I'll stop using drugs" -- and that just wasn't true.

He was in this position where is it the chicken or the egg? Am I using drugs because I don't have a job, or do I not have a job 'cause I'm using drugs? And the truth is probably he didn't have a job because he was using drugs.

**JA 028**

11

And so, to bury some of what was happening, he didn't want to be -- have to have additional -- he knew if he told AddCare, he'd probably have to have additional treatment meetings, and then that would even make it harder for him to get a job. And so I think his acknowledgment of why he was doing that -- not wanting to deal with some of the trauma that he had experienced before is what's different, Your Honor.

One of the other things that is different this time -- and like I said, I'll let Julia talk a little bit about this -- but at the time, his fiancée was using as well. She now is clean. She's been clean for a little over a month. She was using fentanyl. She went -- she detoxed at the Phoenix Center.

Her and Tyler had been having extensive discussions since he's been in jail. They still want to have their relationship. But even if the Court were to let him out today, he couldn't live with her. She's living with her mom. Her mom would not allow that. They have come to the decision that they have to be separated, got to get clean separately before they could be in a relationship together. And that is what's different.

You will see her name in this report. It's in the report. It's in the police reports. They were together. And so the fact that the person who he is with and he's in a relationship with has taken these steps to get clean and to

**JA 029**

make their life better, I think that's a huge difference.  And you'll see her in the court today.  She looks great.  She is -- she's got herself on the right path.

And even she, I think, has talked about how their relationship definitely influenced them both to use drugs.  They were surrounded by drugs.  It made it very easy when the person you're with is also using.  But she has taken the steps to get clean.  Of course, it's very -- she's very early in her sobriety.  But the fact that they are encouraging each other, I think, is something that's also significantly different, Your Honor.

The last thing that I'll say that I think is different as well is that Tyler is a father to three girls.  Right now, he can't see his three girls.  Their mother has been very clear.  She doesn't want him to see them in the state that he is in, and that's part of one of the most motivating factors for him to get clean and to get to a better place so that he can be involved in their lives, Your Honor.

And so I know it's difficult.  I know it puts the Court in an odd position because, you know, Tyler has had multiple chances.  But that again -- that's why I talked about how the guidelines are going to change, how they are talking about a graduated response, how they don't want the guidelines to -- I mean, they don't want supervised release to be treated as just another opportunity to incarcerate someone.  They

really want the guidelines to be used, and they want the Court to have the discretion to be able to achieve the purpose of supervised release, which is to help someone get rehabilitated into society, Your Honor.

So at this point, we're not -- I guess I'm not asking for a variance. His guideline range is pretty low. What we are asking for, Your Honor, is that if the Court would give him a low guideline sentence -- that if the Court chooses to put him back on supervised release -- that inpatient treatment would be a condition the Court imposes. However, if the Court says that they think it will be better for Tyler to go at it on his own, we would ask for a low guideline sentence to sort of offset the fact that he would not have those services, Your Honor.

And in support of that, I will say one other thing. The only exception to someone who has tested positive multiple times in a year for having mandatory revocation is if they have participated in treatment. And I think his participation here really matters, particularly given the fact that he did not finish other programs last time and that he went on the run last time. When he was arrested this time, he was arrested because his fiancée was texted and told them where Tyler was, and that's how he was arrested.

He continued to go to treatment up until that point. And so I think that that participation is something at the

**JA 031**

Court could point to as a reason to help him get some sort of escalated treatment like inpatient treatment, Your Honor.

So that's all I have, Your Honor. If you're ready to hear from Julia Hamilton, I can bring her up.

**THE COURT:** Okay. If you tell me your first and last name for the record.

**MS. HAMILTON:** It's Julia Hamilton.

**THE COURT:** Okay. Yes, ma'am. I'll hear from you.

**MS. HAMILTON:** All right. Exactly what Judea was saying, I think my using contributed a lot to Tyler's use, because he was clean and tried to stay clean when he got out in February, and unfortunately, I did not get clean while he was incarcerated last time.

And so I believe that I -- I -- well, I was homeless. And I couldn't just go stay with family or any clean friends, because I was using, and that's inappropriate and probably just wouldn't be allowed. So he got out. And we were staying at this awful place in basically a -- a really bad neighborhood in Anderson.

And I think the company that we kept was a huge contributing factor, because he tried to stay clean, but everybody was smoking meth. And unfortunately, one day, I noticed that his pupils were dilated, and I realized that he had relapsed. And I think it just spiraled from there, because he was then ashamed and just really mad at himself, and so he

**JA 032**

continued to use. And of course, I continued to use too.

I think it was kind of a blessing that we had the cops show up in July. I know that sounds weird. But I went home to my mother. And I told her I was going to go to detox. And it's not a little over a month. It's actually 30 days today. So I am early in recovery, but I have a sponsor, and I'm working my steps, and I'm working my program. And I know that he shouldn't rely solely on my recovery, because that's one way to set himself up for failure.

But we have talked in depth about it. And basically, we've come to the conclusion that if I'm using, we need to be separate. We need to break up. And if he's using, I'm sorry, but I'm going -- I would have to remove myself from the -- from the relationship too. So I think that's a huge contributing factor.

I think the fact that he is being honest with himself and the fact that he has matured a little bit. And being away from his family, I know, just breaks his heart. And I just see prison -- I know that -- I mean, I understand the -- the perspective of the government, but I don't think prison is necessarily a good -- good environment for him to stay clean and actually reform.

I found that a bunch of people that I know in recovery currently have attended the Bridge Center in Anderson. And so I -- I think if he could get into that or something like

16

that -- a program like that -- that it would be a huge help.

And the fact that I plan to stay clean as well -- I have legal issues myself that are a huge motivation -- or a motivational factor in my recovery, as well as just the fact that I relapsed during our relationship as well and watched everything I had worked for go away, will really contribute to his recovery if he takes it seriously.  And I think he will this time.

**THE COURT:**  Okay.

Well, congratulations.

**MS. HAMILTON:**  Thank you.

**THE COURT:**  And I hope you stay on the -- on the right track, continue --

**MS. HAMILTON:**  Thank you.

**THE COURT:**  -- down that road.  Okay.  I appreciate your comments.

**MS. HAMILTON:**  Of course.

**THE COURT:**  Thank you.

**MS. DAVIS:**  Your Honor, if I could just add one more thing that Ms. Hamilton reminded me of, we have contacted the Bridge Center.  He hasn't been admitted yet.  It's pretty expensive to get in.  The waiting list right now from folks that need a scholarship is about 20 people, so there's no telling when he would get into that.  He does have to continue to show that he wants to be in the program, so he has to call.

**JA 034**

But he has talked to them, and so he is on the waiting list for that, but he just hasn't been admitted yet.

**THE COURT:**  Okay.

Mr. Beasley.  Yes, sir.

**THE DEFENDANT:**  I just like to thank y'all for everything y'all doing.  But I do want to say that, you know, I do have an addiction.  And, you know, I was really trying to -- to do the right thing.  I know I was still using at the time, but I was really -- the week I got arrested, I was really trying to buckle down and get clean, that way I could go to rehab.  Like I said, I -- I just didn't have the money to go.

But I know you got -- have a job.  I know you have to give me the guidelines or whatever y'all think's best for me.  I really think rehab would be the best thing for me, you know, whether that be going today or going when I can find one to get into.  I want to be clean.  I want to get a job.  I want to be a father.  I want to be a -- you know, a normal citizen.  You know what I'm saying?  I had stuff.  Right now, I don't have nothing.  I lost everything.

But like I say, I just -- I'm determine this time to actually get my life straightened out, not only for me, for my wife and for my kids.  I just need -- I know I -- last time, I said I need another chance, but I'm -- I just need one more chance to prove that I can do right thing this time, and I want to do the right thing, so thank you.

**JA 035**

THE COURT: Okay. Thank you. I'm going to take a brief recess. I need to speak with probation for a second. Just five minutes. Okay.

(Recess at 10:28 a.m.)

(Resume at 10:35 a.m.)

THE COURT: All right. In considering factors outlined in 18 U.S.C. 3553(a)(1), (a)(2)(B) through (D), and (a)(4) through (7), the Court has considered the nature and severity of the offense.

Mr. Beasley, for the second time, has failed to comply with his conditions of supervised release and has breached the trust of the Court by continuing to engage in illegal substances -- substance use on -- while he's on supervised release.

The Court also notes that in 2021 he was convicted of possession of marijuana and in 2022 possession of meth. Also, there -- there are pending drug charges out of Anderson County currently.

Considering the history and characteristics of the defendant, in that Mr. Beasley violated a previous term of supervised release by testing positive for illegal drugs and has a long-time serious drug addiction problem but fails to take advantage of treatment offered to him. The Court notes that he has been in four previous programs that been documented in prior and current violation reports, none of which were

**JA 036**

completed.

The Court also notes that there was a reference to the Miracle Hill -- the Miracle Hill program and not having the $200 to get into the program. However, the probation office has indicated that they have assistance programs, that Mr. Beasley just never asked and never discussed that with them, so he was never offered that assistance.

I've also considered the need to provide specific deterrence and to protect the public from future crimes of the defendant. I've considered the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(3) and any amendments made to such guidelines or policy statements by acts of Congress and considered the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

The Court having considered the statements of all parties, the arguments of counsel, the motion for downward variance, the violation report, which contains the advisory guideline range, having calculated and considered the advisory sentencing guidelines, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. 3553(a) as indicated in 18 U.S.C. 3583, the Court denies any request for a downward variance in light of the fact that Mr. Beasley has failed to take advantage of any assistance provided to him to

stop using illegal substances.

Therefore, the previous imposed term of supervised release is hereby revoked pursuant to the Sentencing Reform Act of 1984, and having considered the Chapter 7 policy statements in the United States Sentencing Guideline Manual as well as the statutory factors applicable to revocation sentences under 18 U.S.C. 3553(a) and 3583(e), it is the judgment of the Court that the defendant, Justin Tyler Beasley, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months with no supervision to follow.

In fashioning the sentence, the Court has determined that the guideline imprisonment range of 4 to 10 months is inadequate. The Court has determined that based on all the above-listed factors, a sentence of 24 months most closely represents a significant need to specifically deter Mr. Beasley and others from engaging in future criminal conduct and the significant need to protect the public from future crimes of this defendant fueled by his drug use and possession. Additionally, his continued breaches of the Court -- Court's trust support an upward variance.

In arriving at the Court's variant sentence, the Court is considering Mr. Beale's arguments in mitigation expressed through his counselor and through -- by himself through allocution. Never less -- nevertheless, the applicable 3553(a) factors warrant an upward variant sentence imposed by

**JA 038**

the Court.

And the Court has also taken into consideration, Ms. Davis, your arguments about the amendments to the guidelines. But the Court -- this is our third time here. My initial sentence for Mr. Beasley was time served. The next sentence was a -- four months with supervised release. And now, here we are again. So I believe I have -- I have followed the suggestions of the Commission that go into effect in November.

The Court notes that it has not considered the 3553(a)(2)(A) factor when crafting its sentence per the Supreme Court's decision in Esteras.

Mr. Beasley, you do have the right to appeal your sentence. Any notice of appeal must be filed with 14 days of the entry of judgment or within 14 days of the filing of a notice of appeal by the government. If you cannot afford to pay the cost of an appeal or for appellate counsel, you have the right to apply for leave to appeal in forma pauperis -- without paying the filing -- filing fee. On appeal, you may also apply for court-appointed counsel. Do you understand that?

**THE DEFENDANT:** Yes, ma'am.

**THE COURT:** Also, as a part of the judgment, I am going to recommend that you be recommended for the BOP's RDAP program -- their drug treatment program. I cannot order you to

**JA 039**

attend that program.  You have to request that.  But I'm going to put in your judgment that I'm recommending that you be placed in that drug treatment program.

**THE DEFENDANT:**  Okay.

**THE COURT:**  Okay.  Voluntary surrender is not an issue today.

Is there anything else we need to address?

**MR. WATKINS:**  No, ma'am.

**MS. DAVIS:**  Nothing further, Your Honor.

**THE COURT:**  And have I addressed all of your arguments in mitigation, Ms. Davis?

**MS. DAVIS:**  Your Honor, I -- given the upward variance, I would just leave it on -- I would stand on whatever the record is.

**THE COURT:**  Okay.  Thank you.

Anything further from probation that I need to address?

**THE PROBATION AGENT:**  No, ma'am.

**THE COURT:**  Okay.  Thank you very much.

We're adjourned.

   (Proceedings end at 10:42 a.m.)

**JA 040**

**\*\*\*\*\*\*\*\*\***

**C E R T I F I C A T E**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____        11/03/2025
Teresa B. Johnson, CVR-M-CM, RVR, RVR-M              Date

AO 245D    (SCD Rev. 11/16) Judgment in a Criminal Case for Revocations
Sheet 1

# United States District Court
## District of South Carolina

UNITED STATES OF AMERICA

 vs.


JUSTIN TYLER BEASLEY

**JUDGMENT IN A CRIMINAL CASE**

(For **Revocation** of Probation or Supervised Release)


Case Number: <u>8:24-193</u>

US Marshal's Number: <u>04754-511</u>


<u>Erica Soderdahl</u>

Defendant's Attorney

**THE DEFENDANT:**

■   admitted guilt to violation of condition(s)  of the term of supervision.

☐   was found in violation of condition(s)  after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Date Violation Concluded** |
|---|---|---|
| 1-13 | See violation petition | See violation petition |

The defendant is sentenced as provided in pages 2 through <u>3</u> of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has not violated condition(s)  and is discharged as to such violation(s) condition.

☐    Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 8754

Defendant's Year of Birth: 1996

City and State of Defendant's Residence:
Anderson, South Carolina

<u>August 26, 2025</u>
Date of Imposition of Judgment


 <u>s/Jacquelyn D. Austin</u>
Signature of Judicial Officer


<u>Jacquelyn D. Austin, United States District Judge</u>
Name and Title of Judicial Officer


 <u>August 27, 2025</u>
Date

**JA 042**

Case 8:24-cr-00193-JDA    Document 149    Filed 08/27/25    Page 2 of 3    Page 2 of 3

AO 245D    (SCD Rev.  11/16)   Judgment in a Criminal Case for Revocations
Sheet 2 - Imprisonment

DEFENDANT: JUSTIN TYLER BEASLEY
CASE NUMBER: 8:24-193

## IMPRISONMENT

The defendant's term of supervised release is hereby REVOKED and the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twenty-four (24) months.

■    The court makes the following recommendations to the Bureau of Prisons: the defendant be allowed to participate in the Residential Drug Abuse Program (RDAP).

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐ at [Time to surrender to USM] a.m./p.m. on [Date to surrender to USM].

☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on [Date to surrender at institution]

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

UNITED STATES MARSHAL

By    _____

Deputy United States Marshal

**JA 043**

Case 8:24-cr-00193-JDA   Document 149   Filed 08/27/25   Page 3 of 3   Page 3 of 3

AO 245B (SCD Rev. 11/16) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: JUSTIN TYLER BEASLEY
CASE NUMBER: 8:24-193

## SUPERVISED RELEASE

There shall be no term of supervised release following release from imprisonment.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.: 8:24-cr-00193-JDA-1 |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF APPEAL** |
| JUSTIN TYLER BEASLEY | ) | |
| | ) | |

Notice is hereby given that Justin Tyler Beasley appeals to the United States Court of Appeals for the Fourth Circuit from the final judgment entered on August 27, 2025.

Respectfully submitted,

BY: *s/Judea S. Davis*
Judea Shechinah Davis (D.S.C. Fed. Bar #13440)
Assistant Federal Public Defender
75 Beattie Place, Suite 950
Greenville, South Carolina 29601
(864) 235-8714
judea_davis@fd.org

Greenville, SC
September 10, 2025

**JA 045**